Kenneth B. Black (#5588)
  Email: *kbblack@stoel.com*
Jill M. Pohlman (#7602)
  Email: *jmpohlman@stoel.com*
David L. Mortensen (#8242)
  Email: *dlmortensen@stoel.com*
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131
Facsimile: (801) 578-6999

Attorneys for Defendant
Colgate-Palmolive Company

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| N8 MEDICAL, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>                    Defendant. | **ANSWER TO COMPLAINT**<br><br>2:13-cv-01017-DB<br><br>The Honorable Dee Benson<br><br>Magistrate Judge Dustin Pead |

Defendant Colgate-Palmolive Company ("Colgate") hereby answers the Complaint (the "Complaint") filed by plaintiff N8 Medical, Inc. ("N8")[1] as follows:

---

[1] The Complaint is unclear about the identity of the "plaintiff."  While the caption only lists N8 Medical, Inc. as plaintiff, Paragraph 1 identifies "N8 Medical, Inc. and N8 Medical, LLC" as "Plaintiffs."  *See* Complaint at 1-2.  Colgate believes that most of its interactions were with N8 Medical, LLC.  However, in light of the allegation that N8 Medical, Inc. "is the successor in interest to all rights previously held by N8 Medical, LLC" (*see* Complaint at ¶ 4) whether N8 Medical, Inc. is the plaintiff alone or with N8 Medical, LLC, Colgate will refer to it/them as "N8."  In doing so, Colgate does not admit that N8 Medical, Inc. is the proper party or that it has standing to assert any claims or rights that may belong to N8 Medical, LLC.

In response to the unnumbered, prefatory statement found in the Complaint, Colgate admits that N8 seeks certain forms of relief in its Complaint, but Colgate denies the substantive allegations found in the prefatory statement, and Colgate further denies that N8 is entitled to the injunctive relief and monetary damages it seeks.

## THE PARTIES

1.　Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies those allegations.

2.　Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies those allegations.

3.　Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4.　In response to the allegations contained in Paragraph 4 of the Complaint, Colgate admits that (a) it is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York City, New York; (b) it has recognized significant revenues from various products, including oral healthcare products; (c) it entered into two Materials Transfer and Evaluation Agreements with N8; and (d) at times it considered the possibility of using ceragenins in certain, undetermined oral care products.  Colgate denies that it reached any agreement with N8 regarding the terms of a license, denies that the parties agreed on any royalty rate, and denies that the parties agreed on any specific products that would

incorporate ceragenins.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, denies those allegations.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate admits that this Court has subject matter jurisdiction over this action.  Colgate denies any remaining allegations contained in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate admits that it is subject to personal jurisdiction in this Court.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7. The allegations in Paragraph 7 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies that a substantial part of the events giving rise to this litigation occurred within this Judicial District.  Colgate affirmatively states that, for the reasons set forth in Colgate's motion to transfer venue, this action should be transferred to the United States District Court for the Southern District of New York.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, denies those allegations.

## RELEVANT BACKGROUND

8.     In response to the allegations contained in Paragraph 8 of the Complaint, Colgate admits that, in or about 2010, N8 approached Colgate about the possibility of a business relationship related to the potential use of ceragenins.  Colgate denies that it reached any agreement with N8 regarding the terms of any business relationship for the commercial use of ceragenins and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     In response to the allegations contained in Paragraph 9 of the Complaint, Colgate admits that it was interested in reviewing ceragenins and, accordingly, entered into a Mutual Confidential Disclosure Agreement dated October 11, 2010 (the "MCDA").  Colgate denies any remaining allegations contained in Paragraph 9 of the Complaint.

10.    In response to the allegations contained in Paragraph 10 of the Complaint, Colgate admits that it entered into a Materials Transfer and Evaluation Agreement dated December 7, 2010 ("First MTA") and that the First MTA was amended on or about May 23, 2011.  Colgate denies that the First MTA was amended a second time on December 7, 2011. Colgate denies any remaining allegations contained in Paragraph 10 of the Complaint.

11.    In response to the allegations contained in Paragraph 11 of the Complaint, Colgate admits that (a) the First MTA and the Second MTA (as defined below) were executed because N8 sought to transfer certain, defined ceragenins to Colgate for use in certain testing; and (b) Colgate was interested in testing such ceragenins for potential use in certain, undetermined oral care products.  Colgate denies any remaining allegations contained in Paragraph 11 of the Complaint.

12. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Colgate admits that it received certain, defined ceragenins (CSA-13 and CSA-44) and that it conducted testing on those ceragenins. Colgate is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. In response to the allegations contained in Paragraph 14 of the Complaint, Colgate admits that it reported that certain initial tests produced some positive results. Colgate denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Colgate denies the allegations contained in Paragraph 15 of the Complaint.

16. In response to the allegations contained in Paragraph 16 of the Complaint, Colgate admits that it entered into a Materials Transfer and Evaluation Agreement dated December 6, 2012 (the "Second MTA"). Colgate denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Colgate admits that it entered into the MCDA. Colgate affirmatively alleges that the terms of the First MTA and the Second MTA speak for themselves. Colgate denies any remaining allegations contained in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate affirmatively

alleges that the First MTA and the Second MTA speak for themselves.  Colgate denies any remaining allegations contained in Paragraph 18 of the Complaint.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Colgate denies that filing a patent application constituted a breach of the First MTA, and Colgate denies any remaining allegations contained in Paragraph 19 of the Complaint.

20. In response to the allegations contained in Paragraph 20 of the Complaint, Colgate admits that it presented certain testing results during a meeting between N8 and Colgate on or about December 11, 2012.  Colgate denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. In response to the allegations contained in Paragraph 21 of the Complaint, Colgate admits that it sent to N8 a template term sheet for a possible license agreement (the "Template Term Sheet").  Colgate affirmatively alleges that the Template Term Sheet speaks for itself.  Colgate further alleges that the parties never reached an agreement on the terms of the Template Term Sheet or any license agreement.  Colgate denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Colgate denies the allegations contained in Paragraph 22 of the Complaint.

23. In response to the allegations contained in Paragraph 23 of the Complaint, Colgate admits that certain testing it reported to N8 prior to mid-2013 may be characterized as positive.  Colgate affirmatively alleges that N8 was aware that Colgate's testing of ceragenins at that point was preliminary, ongoing and incomplete.  Colgate denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. In response to the allegations contained in Paragraph 24 of the Complaint, Colgate admits that N8 contacted it in 2013 to inquire about the status of Colgate's ongoing evaluation of ceragenins and to discuss the possibility of a license agreement. Colgate denies any remaining allegations contained in Paragraph 24 of the Complaint.

25. In response to the allegations contained in Paragraph 25 of the Complaint, Colgate admits that, in 2013, it informed N8 that it had decided not to use ceragenins in its oral care products for various reasons, including that ceragenins were too expensive, and had stability issues, and that it was unduly costly to pursue regulatory approval. Colgate denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Colgate denies the allegations contained in Paragraph 26 of the Complaint.

27. Colgate denies the allegations contained in Paragraph 27 of the Complaint.

28. Colgate denies the allegations contained in Paragraph 28 of the Complaint.

29. Colgate denies the allegations contained in Paragraph 29 of the Complaint.

30. Colgate denies the allegations contained in Paragraph 30 of the Complaint.

31. Colgate denies the allegations contained in Paragraph 31 of the Complaint.

32. Colgate denies the allegations contained in Paragraph 32 of the Complaint.

33. Colgate denies the allegations contained in Paragraph 33 of the Complaint.

## Terms of the Relevant Agreements

34. The allegations in Paragraph 34 (including subparts) of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms of the First MTA and the Second MTA are set forth therein. Colgate denies each of the

allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that Section 7 of the First MTA and Section 7 of the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 (including subparts) of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that Section 7 of the First MTA and Section 7 of the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein.

Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 (including subparts) of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 (including subparts) of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 41 of the Complaint.

42. Colgate denies the allegations contained in Paragraph 42 of the Complaint.

43. In response to the allegations contained in Paragraph 43 of the Complaint, Colgate admits that, on or about December 21, 2011, it filed an International Patent Application, No. WO 2013/109236 A2, under the Patent Cooperation Treaty (the "PCT Application").

Colgate denies that it acted improperly, unlawfully or in violation of any of the agreements and Colgate denies any remaining allegations contained in Paragraph 43 of the Complaint.

44. In response to the allegations contained in Paragraph 44 of the Complaint, Colgate admits that it filed the PCT Application. Colgate denies the remaining allegations contained in Paragraph 44 of the Complaint.

45. Colgate denies the allegations contained in Paragraph 45 of the Complaint.

46. The allegations in Paragraph 46 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 46 of the Complaint.

47. Colgate denies the allegations contained in Paragraph 47 of the Complaint.

## FIRST CAUSE OF ACTION
(Breach of Contract)

48. Colgate repeats and alleges its responses to the foregoing Paragraphs as if fully restated herein.

49. The allegations in Paragraph 49 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate admits that it entered into the First MTA and the Second MTA. Colgate denies any remaining allegations contained in Paragraph 49 of the Complaint.

50. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, denies those allegations.

51. The allegations in Paragraph 51 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate alleges that the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate admits that it conducted certain tests using ceragenins it received from both an entity known as Ceragenix Pharmaceuticals, Inc. and from N8. Colgate denies any remaining allegations contained in Paragraph 52 of the Complaint.

53. Colgate denies the allegations contained in Paragraph 53 of the Complaint.

54. Colgate denies the allegations contained in Paragraph 54 of the Complaint.

55. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, denies those allegations.

56. Colgate denies the allegations contained in Paragraph 56 of the Complaint.

57. Colgate denies the allegations contained in Paragraph 57 of the Complaint.

58. Colgate denies the allegations contained in Paragraph 58 of the Complaint.

59. Colgate denies the allegations contained in Paragraph 59 of the Complaint.

## SECOND CAUSE OF ACTION
(Breach of the Implied Duty of Good Faith and Fair Dealing)

60. Colgate repeats and alleges its responses to the foregoing Paragraphs as if fully restated herein.

61. The allegations in Paragraph 61 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate admits that there is an implied covenant of good faith and fair dealing in certain agreements. Colgate denies any remaining allegations contained in Paragraph 61 of the Complaint.

62. Colgate denies the allegations contained in Paragraph 62 of the Complaint.

63. Colgate denies the allegations contained in Paragraph 63 of the Complaint.

### THIRD CAUSE OF ACTION
(Violation of the Uniform Trade Secrets Act, Utah Code Ann. § 13-24-2, et. seq.)

64. Colgate repeats and alleges its responses to the foregoing Paragraphs as if fully restated herein.

65. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, therefore, denies those allegations.

66. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, therefore, denies those allegations.

67. The allegations in Paragraph 67 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Colgate admits that it entered into the MCDA, the First MTA and the Second MTA. Colgate affirmatively alleges that the MCDA, the First MTA and the Second MTA speak for themselves and that the written terms are set forth therein. Colgate denies each of the allegations that are inconsistent with those written terms. Colgate is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 67 of the Complaint and, therefore, denies those allegations.

68. Colgate denies the allegations contained in Paragraph 68 of the Complaint.

69. Colgate denies the allegations contained in Paragraph 69 of the Complaint.

70. Colgate denies the allegations contained in Paragraph 70 of the Complaint.

## FOURTH CAUSE OF ACTION
(Unjust Enrichment)

71. Colgate repeats and alleges its responses to the foregoing Paragraphs as if fully restated herein.

72. Colgate denies the allegations contained in Paragraph 72 of the Complaint.

73. Colgate denies the allegations contained in Paragraph 73 of the Complaint.

74. Colgate denies the allegations contained in Paragraph 74 of the Complaint.

75. Colgate denies the allegations contained in Paragraph 75 of the Complaint.

## FIFTH CAUSE OF ACTION
(Conversion)

76. Colgate repeats and alleges its responses to the foregoing Paragraphs as if fully restated herein.

77. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and, therefore, denies those allegations.

78. Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies those allegations.

79. The allegations in Paragraph 79 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate admits that ceragenins are tangible property.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Complaint and, therefore, denies those allegations.

80. Colgate denies the allegations contained in Paragraph 80 of the Complaint.

81. Colgate denies the allegations contained in Paragraph 81 of the Complaint.

82. Colgate denies the allegations contained in Paragraph 82 of the Complaint.

83. Colgate denies the allegations contained in Paragraph 83 of the Complaint.

84. Colgate denies the allegations contained in Paragraph 84 of the Complaint.

85. Colgate denies each and every other allegation of the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Colgate asserts the following affirmative defenses and reserves the right to amend this Answer, as necessary, to assert additional defenses that become apparent during the course of investigation and discovery.

### **First Affirmative Defense**

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by N8's failure to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the failure and/or lack of N8's consideration.

### Third Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, to the extent N8 has unclean hands or has acted in an inequitable manner.

### Fourth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the absence of an enforceable contract and/or the parol evidence rule.

### Seventh Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the statute of frauds.

### Eighth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrines of mutual mistake and/or unilateral mistake.

### Ninth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the economic loss rule.

### Tenth Affirmative Defense

N8's Complaint and each and every cause of action therein is barred, either in whole or in part, by N8's failure to take reasonable steps to protect the secrecy of the purported and unidentified trade secrets and confidential information.

### Eleventh Affirmative Defense

N8's Complaint and each and every cause of action therein is barred, either in whole or in part, to the extent N8's alleged and unidentified trade secrets and confidential information is commonly known in the industry and/or available in the public domain.

### Twelfth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrine of independent development.

### Thirteenth Affirmative Defense

One or more of N8's state law claims are barred, either in whole or in part, to the extent they are preempted by federal law, N8's alternate claims and/or otherwise. For example, N8's claims for conversion and unjust enrichment are preempted by the Uniform Trade Secrets Act.

### Fourteenth Affirmative Defense

To the extent Colgate has breached or failed to perform any contractual obligation or duty, it was and is excused from such breach or failure by N8's own breach and/or failure to perform.

### Fifteenth Affirmative Defense

N8's claims for damages are barred in whole or in part because any damages were not foreseeable.

### Sixteenth Affirmative Defense

N8's claims for damages are barred in whole or in part because Colgate's conduct was not the proximate cause of the alleged damages.

### Seventeenth Affirmative Defense

N8's claims for damages are barred in whole or in part because any damage was caused by intervening or superseding factors.

### Eighteenth Affirmative Defense

N8's claims for damages are barred in whole or in part because any damage or injury was caused in whole or part by the negligent and/or other culpable conduct of persons or entities other than Colgate.

### Nineteenth Affirmative Defense

N8's claims for damages are barred in whole or in part because N8's alleged damages were caused, if at all, by acts and/or omissions (including without limitation, fraud and/or misrepresentation) of N8 and/or third parties.

### Twentieth Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, because N8 has suffered no detriment as the result of the allegations contained in the Complaint.

### Twenty-First Affirmative Defense

N8's Complaint and each and every cause of action therein are barred, either in whole or in part, because N8's damages are speculative and inherently uncertain.

### Twenty-Second Affirmative Defense

N8's claims are barred to the extent that it has failed to mitigate its damages, if any.

### Twenty-Third Affirmative Defense

N8's claims for punitive damages are barred unless compensatory or general damages are awarded, and it is established by clear and convincing evidence that any act or omission by Colgate was the result of willful and malicious or intentionally fraudulent conduct or that Colgate acted with a knowing and reckless indifference toward and disregard of the rights of N8.

### Twenty-Fourth Affirmative Defense

Colgate has acted in a lawful and good faith manner and, accordingly, N8 is not entitled to punitive or exemplary damages.

### Twenty-Fifth Affirmative Defense

N8's claims for punitive or exemplary damages are barred or limited by provisions of the applicable state's constitution and the United States Constitution including, but not limited to, the due process clause of the United States Constitution (5th and 14th Amendment).

**WHEREFORE**, Colgate prays for judgment as follows:

1. That N8 take nothing by way of the Complaint;

2. That Colgate be awarded judgment against N8 and awarded its costs and attorneys' fees to the extent permitted by law; and

3. That Colgate be awarded other and further relief as this Court deems just and proper.

DATED: January 28, 2014

STOEL RIVES LLP

/s/ *David L. Mortensen*
Kenneth B. Black
Jill M. Pohlman
David L. Mortensen

Attorneys for Defendant
Colgate-Palmolive Company

## CERTIFICATE SERVICE

I hereby certify that on the 28th day of January, 2014, I caused a true and correct copy of the foregoing **ANSWER TO COMPLAINT** to be served via CM/ECF on the following:

Brent O. Hatch
bhatch@hjdlaw.com
Mark F. James
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, UT  84101

Paul J. Dobrowski
pjd@doblaw.com
Frederick T. Johnson
fjohnson@doblaw.com
C.Gerard Harrison
gharrison@doblaw.com
Cody Stafford
cstafford@doblaw.com
Dobrowski, Larkin & Johnson L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007

*/s/ David L. Mortensen*