Robert S. Clark (4015)   rclark@parrbrown.com
Gregory M. Hess (5611)   ghess@parrbrown.com
Sara M. Nielsen (13824)  snielson@parrbrown.com
PARR BROWN GEE & LOVELESS
185 So. State Street, Suite 800
Salt Lake City, Utah 84111
Telephone:      (801) 257-7910
Facsimile:      (801) 532-7750

*Attorneys for Proposed Intervenor*
*Brigham Young University*

_____

| | )   | |
|---|---|---|
| **N8 MEDICAL, INC.** | ) | |
| | ) | **STATEMENT OF** |
| **Plaintiff,** | ) | **BRIGHAM YOUNG UNIVERSITY'S** |
| | ) | **RIGHTS, INTEREST, AND CLAIMS IN** |
| vs. | ) | **INTERVENTION** |
| | ) | |
| **COLGATE-PALMOLIVE COMPANY,** | ) | Case No. 2:13-cv-01017 |
| | ) | |
| **Defendant.** | ) | **District Judge Bruce S. Jenkins** |
| | ) | |
| | ) | |
| **BRIGHAM YOUNG UNIVERSITY,** | ) | |
| | ) | |
| **Proposed Intervenor.** | ) | |

Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, Proposed Intervenor Brigham Young University ("BYU") hereby sets out its rights, interests, and claims for which intervention is sought.

1.      Proposed Intervenor BYU is Utah non-profit corporation and institution of higher education.  Its principal campus and place of business is located in Provo, Utah.

2.      Plaintiff N8 Medical, Inc. ("N8 Medical") for itself, and as assignee of N8 Medical, LLC, has filed a complaint in this matter against defendant Colgate-Palmolive Company ("Colgate") asserting claims for breach of certain agreements covering proprietary materials and intellectual property rights.

3. The claims asserted by N8 Medical relate to a novel class of compounds known as ceragenins or cationic steroid antibiotics (CSAs), which have broad spectrum antimicrobial activity, as well as numerous other therapeutic activities and attributes of value in a broad range of commercial applications.

4. The intellectual property relating to ceragenins was invented and patented at BYU and licensed by BYU to N8 Medical for commercial development within certain specified fields of use.  Because BYU owns the patents and related intellectual property at issue in this matter, and is a third party beneficiary of the agreements at issue, BYU has an interest in the property and transactions that are subject to this action.  BYU is so situated that disposing of the action without its involvement would impair or impede its ability to protect its interest.

5. N8 Medical has filed a motion seeking joinder of BYU as a necessary party under Fed.R.Civ.P. 19(a) because BYU is the owner of the patents and other intellectual property rights related to ceragenins licensed to N8 Medical.  BYU recognizes that it is a necessary party to this proceeding and does not oppose an order requiring its joinder.  In addition, because BYU's rights are more extensive than the rights licensed to N8 Medical, it has moved to intervene in this action to protect its rights.

6. BYU owns various patents relating to its groundbreaking research on ceragenins (the "Ceragenin Patents.").  In addition to the Ceragenin Patents, BYU also owns valuable intellectual property and trade secrets that, together with the patents, have significant commercial value.  The patents, trade secrets, and other intellectual property relating to ceragenins are collectively referred to herein as the "Ceragenin IP".

7. BYU has licensed the Ceragenin Patents and related intellectual property to N8 Medical for certain fields of use.  Other fields of use that have independent value are licensed to

other licensees.  Additional fields of use are commercially valuable and BYU expects to license such fields of use in the future.  The specific status of fields of use (both licensed and unlicensed) beyond the N8 Medical License are confidential trade secrets but will be disclosed pursuant to an appropriate protective order in the course of this proceeding.

8. Thus, as creator and owner of the Ceragenin Patents Ceragenin IP not yet fully-developed or claimed in patents, BYU has a stake in this litigation that is more extensive than that of N8 Medical and therefore cannot be fully protected by N8 Medical.

9. BYU has actively sought to protect its Ceragenin IP through a coordinated strategy that includes, in part, a series of past, present, and future patent applications that would maintain and continue patent protection in multiple fields of use beyond existing patents.  Premature filing of patent applications outside the coordinated effort could jeopardize the ability of BYU to maximize patent protection of the Ceragenin IP because such applications are sometimes viewed as "prior art" that interferes with the ability of others to obtain a patent on related subject matters.  The actions of Colgate, as alleged by N8 Medical in this proceeding, may have caused enormous problems for BYU in connection with protecting its Ceragenin IP.

10. N8 Medical, through its subsidiary N8 Medical, LLC, entered into an Exclusive License Agreement with BYU in September 2010 ("N8 License").  Subject to the terms and conditions set forth in the N8 License, BYU licensed to N8 Medical, LLC, within certain specified fields of use, rights to ceragenins developed at BYU, including rights under four U.S. patents.  The N8 License was amended in August 2012, with Plaintiff N8 Medical Inc., as licensee.

11. N8 Medical asserts that Colgate has been pursuing the potential use of ceragenins in oral health care applications with N8 Medical since December 2010 pursuant to a series of agreements between Colgate and N8 Medical and its wholly owned subsidiary, N8 Medical, LLC.

12. N8 Medical asserts that it has entered into various agreements with Colgate, (the "Agreements") including confidentiality obligations and covenants strictly limiting the use and disclosure of materials and information shared with Colgate relating to BYU's intellectual property licensed to N8 Medical. BYU is a specifically-named third party beneficiary of the Agreements.

13. Use of ceragenin compounds for oral healthcare applications (as discussed between N8 Medical and Colgate) is just one of many potential applications of the Ceragenin IP. BYU is actively pursuing use of these compounds for other commercial applications through licensees in addition to N8 Medical.

14. N8 Medical asserts that, although unknown to N8 Medical at the time, Colgate secretly pursued its interest in BYU's ceragenins by filing an international patent application and that Colgate's patent filing was in contravention of Colgate's contractual obligations to N8 Medical and to BYU, to the detriment of N8 Medical and BYU. If these assertions are correct, such conduct violated BYU's rights and inflicted significant harm on BYU.

15. On or about December 21, 2011, without notice to or coordination with BYU (and, on information and belief, without notice to or coordination with N8 Medical) that could have prevented damage to BYU's ability to protect its Ceragenin IP, Colgate filed an international patent application claiming certain mouthwash formulations containing ceragenins (the "Colgate PCT Application").

16. It appears that the Colgate PCT Application violated Colgate's Agreements with N8 Medical and thereby also breached Colgate's duties to BYU as a third-party beneficiary of such Agreements.

17. The Colgate PCT Application, which was published on July 23, 2013, is solely in the name of Colgate, and the filing and publication of the Colgate PCT Application appears to

have jeopardized and had an adverse impact on BYU's commercially-valuable pending and planned patent filings. BYU was not notified by Colgate of the inventions claimed in the Colgate PCT Application or of Colgate's intention to file it.

18. On information and belief, Colgate's use of the ceragenins and associated confidential information in violation of the Agreements constitutes an unauthorized use of BYU's Ceragenin IP in breach of the Agreements.

19. BYU is a named third-party beneficiary under the Agreements. As owner of the underlying intellectual property, BYU's ability to protect and expand the Ceragenin IP, including inventions and other improvements still under development, has likely been significantly damaged by Colgate's PCT patent filing and publication.

20. Colgate's disclosure and alleged misuse of licensed BYU trade secret information has likely resulted in a diminution of the value of BYU's intellectual property. These damages are distinct from N8 Medical's damages but arise from many of the same underlying facts.

**WHEREFORE**, BYU's rights, interests and claims in connection with this matter include the following:

(i) A right to declaratory relief that BYU is entitled to exclusively own, protect, and manage all of the Ceragenin IP and related inventions and other improvements, subject only to valid and enforceable license agreements whereby legitimate licensees (including N8 Medical) are entitled to utilize the Ceragenin IP as specified in such license agreements;

(ii) BYU may be entitled to additional equitable relief based on the evidence as it is discovered in the course of this proceeding;

(iii)   BYU may be entitled to recover damages or other compensation from Colgate based on the evidence as it is discovered in the course of this proceeding; and

(vi)   Such further or additional relief as this Court may deem just and proper.

    Respectfully submitted,

    PARR BROWN GEE & LOVELESS

    By:   */s/ Robert S. Clark*
            Robert S. Clark

    *Attorneys for Brigham Young University*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Brent O. Hatch<br>Mark F. James<br>HATCH, JAMES & DODGE, PC<br>10 West Broadway, Suite 400<br>Salt Lake City, Utah  84101 | David L. Mortensen<br>Kenneth B. Black<br>STOEL RIVES (UT)<br>201 S. Main Street, Suite 1100<br>Salt Lake City, Utah 84111-4904 |

Paul J. Dobrowski
Frederick T. Johnson
C. Gerard Harrison
Cody Stafford (pro hac vice)
DOBROWSKI, LARKIN & JOHNSON L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007

*/s/ Robert S. Clark*
Robert S. Clark