Kenneth B. Black (#5588)
  Email: *kbblack@stoel.com*
Jill M. Pohlman (#7602)
  Email: *jmpohlman@stoel.com*
David L. Mortensen (#8242)
  Email: *dlmortensen@stoel.com*
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131
Facsimile: (801) 578-6999

Attorneys for Defendant
Colgate-Palmolive Company

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| N8 MEDICAL, INC.,<br><br>                    Plaintiff,<br>     and<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>                    Plaintiff-Intervenor,<br><br>     v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>                    Defendant. | **COLGATE-PALMOLIVE COMPANY'S ANSWER TO PLAINTIFF-INTERVENORS [SIC] N8 PHARMACEUTICALS, INC.'S COMPLAINT**<br><br>2:13-cv-01017-BSJ<br><br>The Honorable Bruce S. Jenkins |

Defendant Colgate-Palmolive Company ("Colgate") hereby answers the Complaint (the

"Complaint") filed by plaintiff-intervenor N8 Pharmaceuticals, Inc. ("N8 Pharma") as follows:

## I.   INTRODUCTION

1.      In response to the allegations contained in Paragraph 1 of the Complaint, Colgate

admits that N8 Pharma purports to assert claims pursuant to an alleged license agreement

between N8 Pharma and Brigham Young University ("BYU").  Colgate affirmatively states that N8 Pharma's claims are without any basis in law or fact and denies the remaining allegations contained in Paragraph 1 of the Complaint.

## II.      THE PARTIES

2.      Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies those allegations.

3.      Colgate admits the allegations contained in Paragraph 3 of the Complaint.

## III.     JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate admits that it has transacted business within the State of Utah and that it is subject to personal jurisdiction in this Judicial District.

6.      The allegations in Paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies that venue is proper in this Judicial District.  Colgate affirmatively states that this action should be transferred to the United States District Court for the Southern District of New York.

## IV.     FACTUAL BACKGROUND

7.      Colgate denies the allegations contained in Paragraph 7 of the Complaint.

8.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies those allegations.

9.     The statements contained in Paragraph 9 of the Complaint do not state factual allegations to which a response is required.  To the extent a response is required, Colgate denies the allegations contained in Paragraph 9 of the Complaint.

10.    Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11.    In response to the allegations contained in Paragraph 11 of the Complaint, Colgate admits that, in 2010, it was interested in testing certain ceragenins for potential use in mouthwash.  Colgate denies any remaining allegations in Paragraph 11 of the Complaint.

12.    In response to the allegations contained in Paragraph 12 of the Complaint, Colgate admits that it had certain preliminary communications with N8 Medical regarding a potential sublicense.  Colgate affirmatively denies that it negotiated regarding or reached an agreement on any of the terms for a sublicense.  Colgate denies any remaining allegations contained in Paragraph 12 of the Complaint.

13.    In response to the allegations contained in Paragraph 13 (including the bullet points) of the Complaint, Colgate admits that it entered into the MCDA and MTA #1 (as defined in the Complaint).  Colgate affirmatively alleges that the MCDA and MTA #1 speak for themselves and that the written terms are set forth therein.  Colgate denies the remaining allegations contained in Paragraph 13 (including the bullet points) of the Complaint.

14.     In response to the allegations contained in Paragraph 14 of the Complaint, Colgate admits that N8 Medical transferred certain amounts of CSA-13 and CSA-44 to Colgate for use in testing.  Colgate denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     In response to the allegations contained in Paragraph 15 of the Complaint, Colgate admits that it filed the PCT Application (as defined in the Complaint).  Colgate affirmatively states that the PCT Application speaks for itself and that the written terms are set forth therein.  Colgate denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Colgate denies the allegations contained in Paragraph 16 of the Complaint.

17.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies those allegations.

18.     In response to the allegations contained in Paragraph 18 of the Complaint, Colgate denies that the PCT Application posed or poses any risk to any rights of BYU or N8 Medical, including any rights in ceragenins.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, denies those allegations.

19.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies those allegations.

20.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies those allegations.

21.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies those allegations.

22.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies those allegations.

23.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies those allegations.

24.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies those allegations.

25.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies those allegations.

27.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies those allegations.

28.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies those allegations.

29.     Colgate denies the allegations contained in Paragraph 29 of the Complaint.

30.     Colgate denies the allegations contained in Paragraph 30 of the Complaint.

31.     In response to the allegations contained in Paragraph 31 of the Complaint, Colgate denies that the PCT Application has, or had, put at risk any rights by BYU, N8 Medical and/or N8 Pharma, including any ownership and/or license rights in ceragenins.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and, therefore, denies those allegations.

32.     Colgate denies that the PCT Application constituted wrongful conduct and denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     In response to the allegations contained in Paragraph 33 of the Complaint, Colgate admits that MTA #2 (as defined in the Complaint) was executed on or about December 6, 2012.  Colgate denies any remaining allegations contained in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations contained in Paragraph 34 of the Complaint.

35.     In response to the allegations contained in Paragraph 35 of the Complaint, Colgate affirmatively states that N8 Pharma is not identified as an intended beneficiary in the MTA #2.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations.

36.     Colgate denies the allegations contained in Paragraph 36 of the Complaint.

37.     Colgate denies the allegations contained in Paragraph 37 (including subparts) of the Complaint.

38.     Colgate denies the allegations contained in Paragraph 38 of the Complaint.

39.     Colgate denies the allegations contained in Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies that it fraudulently concealed any facts.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint and, therefore, denies those allegations.

41.     The allegations in Paragraph 41 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate admits that N8 Medical signed MTA #2.  Colgate denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Colgate denies the allegations contained in Paragraph 42 of the Complaint.

43.     In response to the allegations contained in Paragraph 43 of the Complaint, Colgate admits that it filed a patent application in Taiwan.  Colgate denies that it has engaged in

any wrongful conduct and denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     In response to the allegations contained in Paragraph 44 of the Complaint, Colgate admits that it filed patent applications in Argentina and Venezuela.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint and, therefore, denies those allegations.

45.     In response to the allegations contained in Paragraph 45 of the Complaint, Colgate affirmatively alleges that the "foreign patent applications" speaks for themselves and that the written terms are set forth therein.  Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 45 of the Complaint.

46.     Colgate denies the allegations contained in Paragraph 46 of the Complaint.

47.     Colgate denies the allegations contained in Paragraph 47 of the Complaint.

48.     In response to the allegations contained in Paragraph 48 of the Complaint, Colgate admits that the PCT Application was published on or about July 25, 2013.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint and, therefore, denies those allegations.

49.     Colgate denies the allegations contained in Paragraph 49 of the Complaint.

50.     In response to the allegations contained in Paragraph 50 of the Complaint, Colgate affirmatively alleges that the PCT Application speaks for itself and that the written terms are set forth therein.  Colgate denies each of the allegations that are inconsistent with those written terms and denies any remaining allegations contained in Paragraph 50 of the Complaint.

51.     Colgate denies the allegations contained in Paragraph 51 of the Complaint.

52.     In response to the allegations contained in Paragraph 52 of the Complaint, Colgate denies that its conduct was wrongful or that it has affected or damaged N8 Medical or N8 Pharma in any way.  Colgate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint and, therefore, denies those allegations.

53.     Colgate denies the allegations contained in Paragraph 53 of the Complaint.

54.     Colgate denies the allegations contained in Paragraph 54 of the Complaint.

55.     Colgate denies the allegations contained in Paragraph 55 of the Complaint.

56.     Colgate denies the allegations contained in Paragraph 56 of the Complaint.

57.     Colgate denies the allegations contained in Paragraph 57 of the Complaint.

58.     Colgate denies the allegations contained in Paragraph 58 of the Complaint.

## V.     CLAIMS FOR RELIEF

### COUNT ONE

### (Trade Secret Misappropriation: NY Law; alternatively, Utah Law)

59.     Colgate incorporates herein its response to the foregoing paragraphs as if fully restated herein.

60.     Colgate denies the allegations contained in Paragraph 60 of the Complaint.

61.     The allegations in Paragraph 61 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, therefore, denies those allegations.

62.     Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, therefore, denies those allegations.

63.     Colgate denies the allegations contained in Paragraph 63 of the Complaint.

64.     Colgate denies the allegations contained in Paragraph 64 of the Complaint.

65.     Colgate denies the allegations contained in Paragraph 65 of the Complaint.

66.     Colgate denies the allegations contained in Paragraph 66 of the Complaint.

## COUNT TWO

### (Common Law Unfair Competition: New York Law)

67.     Colgate incorporates herein its response to the foregoing paragraphs as if fully restated herein.

68.     The allegations in Paragraph 68 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Colgate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and, therefore, denies those allegations.

69.     Colgate denies the allegations contained in Paragraph 69 of the Complaint.

70.     Colgate denies the allegations contained in Paragraph 70 of the Complaint.

71.     Colgate denies the allegations contained in Paragraph 71 of the Complaint.

72.     Colgate denies the allegations contained in Paragraph 72 of the Complaint.

73.     Colgate denies each and every other allegation of the Complaint not specifically admitted herein, including all allegations contained in the narrative headings and prayers for relief.

## AFFIRMATIVE DEFENSES

Colgate asserts the following affirmative defenses and reserves the right to amend this Answer, as necessary, to assert additional defenses that become apparent during the course of investigation and discovery.

### First Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, by N8 Pharma's failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, to the extent N8 Pharma has unclean hands or has acted in an inequitable manner.

### Third Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, by the economic loss rule.

**Sixth Affirmative Defense**

N8 Pharma's Complaint and each and every cause of action therein is barred, either in whole or in part, by N8 Pharma's failure to take reasonable steps to protect the secrecy of the purported and unidentified trade secrets and confidential information.

**Seventh Affirmative Defense**

N8 Pharma's Complaint and each and every cause of action therein is barred, either in whole or in part, to the extent N8 Pharma's alleged and unidentified trade secrets and confidential information is commonly known in the industry and/or available in the public domain.

**Eighth Affirmative Defense**

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, by the doctrine of independent development.

**Ninth Affirmative Defense**

One or more of N8 Pharma's state law claims are barred, either in whole or in part, to the extent they are preempted by federal law, N8 Pharma's alternate claims and/or otherwise.

**Tenth Affirmative Defense**

N8 Pharma's claims for damages are barred in whole or in part because any damages were not foreseeable.

**Eleventh Affirmative Defense**

N8 Pharma's claims for damages are barred in whole or in part because Colgate's conduct was not the proximate cause of the alleged damages.

### Twelfth Affirmative Defense

N8 Pharma's claims for damages are barred in whole or in part because any damage was caused by intervening or superseding factors.

### Thirteenth Affirmative Defense

N8 Pharma's claims for damages are barred in whole or in part because any damage or injury was caused in whole or part by the negligent and/or other culpable conduct of persons or entities other than Colgate.

### Fourteenth Affirmative Defense

N8 Pharma's claims for damages are barred in whole or in part because N8 Pharma's alleged damages were caused, if at all, by acts and/or omissions (including without limitation, fraud and/or misrepresentation) of N8 Pharma and/or third parties.

### Fifteenth Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, because N8 Pharma has suffered no detriment as the result of the allegations contained in the Complaint.

### Sixteenth Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, because N8 Pharma's damages are speculative and inherently uncertain.

### Seventeenth Affirmative Defense

N8 Pharma's claims are barred to the extent that it has failed to mitigate its damages, if any.

## Eighteenth Affirmative Defense

N8 Pharma's claims for punitive damages are barred unless compensatory or general damages are awarded, and it is established by clear and convincing evidence that any act or omission by Colgate was the result of willful and malicious or intentionally fraudulent conduct or that Colgate acted with a knowing and reckless indifference toward and disregard of the rights of N8 Pharma.

## Nineteenth Affirmative Defense

Colgate has acted in a lawful and good faith manner and, accordingly, N8 Pharma is not entitled to punitive or exemplary damages.

## Twentieth Affirmative Defense

N8 Pharma's claims for punitive or exemplary damages are barred or limited by provisions of the applicable state's constitution and the United States Constitution including, but not limited to, the due process clause of the United States Constitution (5th and 14th Amendment).

## Twenty-First Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, to the extent N8 Pharma has assigned its claims and/or otherwise lacks standing to assert its claims.

## Twenty-Second Affirmative Defense

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, because there is no contractual or other relationship between Colgate and N8 Pharma and because Colgate did not owe any duties to N8 Pharma.

**Twenty-Third Affirmative Defense**

N8 Pharma's Complaint and each and every cause of action therein are barred, either in whole or in part, because N8 Pharma was not an intended beneficiary of any of the agreements to which Colgate was a party.

**WHEREFORE**, Colgate prays for judgment as follows:

1.      That N8 Pharma take nothing by way of the Complaint;

2.      That Colgate be awarded judgment against N8 Pharma and awarded its costs and attorneys' fees to the extent permitted by law; and

3.      That Colgate be awarded other and further relief as this Court deems just and proper.

DATED:  November 14, 2014

STOEL RIVES LLP


/s/ *David L. Mortensen*
Kenneth B. Black
Jill M. Pohlman
David L. Mortensen

Attorneys for Defendant
Colgate-Palmolive Company

**CERTIFICATE SERVICE**

I hereby certify that on the 14th day of November, 2014, I caused a true and correct copy

of the foregoing COLGATE-PALMOLIVE COMPANY'S ANSWER TO PLAINTIFF-

INTERVENORS [SIC] N8 PHARMACEUTICALS, INC.'S COMPLAINT to be served via

CM/ECF on the following:

Brent O. Hatch
bhatch@hjdlaw.com
Mark F. James
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, UT  84101

Paul J. Dobrowski
pjd@doblaw.com
Frederick T. Johnson
fjohnson@doblaw.com
C. Gerard Harrison
gharrison@doblaw.com
Cody Stafford
cstafford@doblaw.com
Dobrowski, Larkin & Johnson L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007

Steve C. Smith
ssmith@smith-lc.com
Richard R. Thomas
rthomas@smith-lc.com
Stephen C. Biggs
sbiggs@smith-lc.com
Smith LC
4505 East Chandler Boulevard, Suite 290
Phoenix, AZ 85048

Robert S. Clark
rclark@parrbrown.com
Gregory M. Hess
ghess@parrbrown.com
Sara M. Nielson
snielson@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111

*/s/ David L. Mortensen*