Richard R. Thomas (Admitted Pro Hac Vice)
Steven C. Smith, Bar No. 04508
Douglas M. Campbell (Admitted Pro Hac Vice)
Mark T. Kearney, Bar No. 14222
Stephen C. Biggs (Admitted Pro Hac Vice)
SMITH LC
4505 East Chandler Boulevard, Suite 290
Phoenix, Arizona 85048
T: 480-361-8575
F: 480-350-7309
E: rthomas@smith-lc.com
E: sbiggs@smith-lc.com

Michael A. Schern (Admitted Pro Hac Vice)
Aaron Finter (Admitted Pro Hac Vice)
Adam Decker (Admitted Pro Hac Vice)
SCHERN RICHARDSON FINTER DECKER, PLC
1640 South Stapley Drive, Suite 132
Mesa, Arizona 85204
T: 480.630.3864
E: mike@srfdlaw.com

*Attorneys for Plaintiff N8 Pharmaceuticals, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| N8 MEDICAL, INC.; N8 MEDICAL, LLC,<br><br>                Plaintiffs,<br><br>and<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>                Plaintiff-Intervenor,<br><br>and<br><br>N8 PHARMACEUTICALS, INC.,<br><br>                Plaintiff-Intervenor,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>                Defendant. | **PLAINTIFFS' JOINT MOTION TO EXCLUDE CERTAIN OF THE PROFERRED EXPERT OPINIONS AND TESTIMONY OF THOMAS L. IRVING**<br><br>**[Filed Under Seal]**<br><br>Case No. 2:13-cv-01017-BSJ<br><br>The Honorable Bruce S. Jenkins |

Plaintiffs N8 Pharmaceuticals, Inc. ("Pharma"); Brigham Young University ("BYU"); N8 Medical, Inc.; and N8 Medical, LLC (N8 Medical, Inc. and N8 Medical, LLC are collectively referred to as "N8 Medical") jointly move this court for an order excluding certain opinions and testimony of Thomas L. Irving ("Irving"). Defendant Colgate-Palmolive Company ("Colgate") has designated Irving as one of its experts who may testify in this case. Irving's opinions and testimony regarding trade secrets should be excluded under Rule 702 of the Federal Rules of Evidence because Colgate has not demonstrated by a preponderance of the evidence that Irving is qualified as an expert on the subject matter of trade secrets or trade secret law, his proposed expert testimony regarding plaintiffs' trade secrets is not reliable, and his proposed expert testimony regarding plaintiffs' trade secrets will not assist the trier of fact.

## I. BACKGROUND

Pharma, BYU, and N8 Medical have all asserted claims against Colgate in this action for misappropriation of trade secrets. In interrogatory responses, each plaintiff has identified the trade secrets it contends Colgate misappropriated. (*See* Pharma's third supplemental answers and objections to Colgate's first set of interrogatories, excerpts of which are filed under seal as **Exhibit 1** hereto, p. 12-30; BYU's second supplemental objections and responses to Colgate's first set of interrogatories, excerpts of which are filed under seal as **Exhibit 2** hereto, p. 5-13; N8 Medical's fourth amended answers and objections to Colgate's first set of interrogatories, excerpts of which are filed under seal as **Exhibit 3** hereto, p. 3-10.) There are 53 such trade secrets in all, at least 44 of which are common to all plaintiffs. (*Id.*)

Colgate has designated Irving as a testifying expert without providing any summary, other than his expert report, of the subject matters on which it intends to ask Irving to opine. In that report, Irving states:

i

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████ (Expert Report of Thomas L. Irving, a copy of which is filed under seal as **Exhibit 4** hereto, p. 1.) ██████████████████████████████████ ██████████████████████████████████████. (Irving dep., Oct. 28, 2015, excerpts of which are filed under seal as **Exhibit 5** hereto, 218:3-4.)

Despite the fact that he is not qualified as an expert in the field of trade secrets or trade secret law, Irving included a section on pages 56-59 of his expert report that he titled: ████ ██████████████████████████████████████████████████████████ ██████████████████████████████████ Summarizing in part this opinion in the text of the section, Irving states: ████████████████████████████████████████████ ████████████████████████████████████████████████████████ (Ex. 4, p. 56.) Those "allegations" to which Irving was referring are a list of 45 trade secrets that Professor Rinehart had been asked to *assume* as part of her expert report were trade secrets owned by BYU and licensed to its licensees (including Pharma and N8 Medical, within their respective fields of application).[1] (*See* Expert Report of Amelia Smith Rinehart, a copy of which is filed under seal as **Exhibit 5** hereto, p. 7-11.)

---

[1] The 45 trade secrets include "the entire invention claimed in the Colgate PCT Application" and 44 other trade secrets that BYU, Pharma, and N8 Medical all listed in interrogatory responses as trade secrets that Colgate misappropriated. (Ex. 5, p. 7-11.)

ii

## II. ANALYSIS

It is well established that Rule 702 of the Federal Rules of Evidence imposes on a district court a gatekeeper obligation to ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003). "Under Rule 702, then, a district court must determine whether (1) the proposed witness is a qualified expert in the area in which he or she is being offered as an expert; (2) the proposed expert's testimony is reliable and (3) the expert's testimony will assist the trier of fact because it fits relevant issues in the case." *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1266, 1272 (D.N.M. 2004) (Jenkins, J., sitting by designation). "The proffering party must establish the expert's qualifications and the reliability and fit of the proposed testimony by a 'preponderance of proof.'" *Id.* (quoting *In re TMI Litigation*, 193 F.3d 613, 663 (3d Cir.1999)).

Acting in its gatekeeper role, this court should preclude Colgate from offering Irving's proffered opinions and testimony regarding plaintiffs' trade secrets, including those set forth on pages 56-59 of his expert report, because Irving is not an expert in the field of trade secrets or trade secret law, his proposed testimony on this matter is not reliable, his proposed testimony on this matter will not assist the trier of fact.

### A. This court should exclude Irving's proffered opinions and testimony regarding plaintiffs' trade secrets because Irving is not qualified as an expert on this subject matter by knowledge, skill, experience, training or education.

Irving should not be allowed to testify or offer an expert opinion regarding whether the material disclosed in the PCT application that Colgate allowed to be published qualifies as a trade secret because Irving is not qualified as an expert on this subject matter "by knowledge, skill, experience, training, or education." Fed. R. Evid. 403. Nowhere in Irving's expert report does he provide any basis for concluding that his knowledge, skill, experience, training, or education

1

qualifies him as an expert in the field of trade secrets or trade secret law. Rather, the knowledge, skill, experience, training, and education he refers to in the "qualifications" section of his report all relate to his knowledge, skill, experience, training, and education regarding patent law. (*See* Ex. 4, p. 1-3.) Further, Irving acknowledged during his deposition: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 5 at 218:3-4.)

Accordingly, because he is admittedly *not* an expert on the subject matter, Irving should be precluded from offering any opinions or testimony regarding whether the information disclosed in the PCT application that Colgate allowed to be published qualifies as a trade secret, including those opinions expressed at pages 56-59 in section "H" of his expert report. *See Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.*, 79 F. Supp. 2d 252, 259 (W.D.N.Y. 2000) (individual offered as an expert on patent law and procedure not competent to testify as an expert about misappropriation of trade secrets).

### B. This court should exclude Irving's proffered opinions and testimony regarding plaintiffs' trade secrets because his opinions and testimony on this subject matter are not based on sufficient facts or data, and they are not the product of reliable principles and methods that have been applied in a reliable manner.

To fulfil its gatekeeper function on the issue of reliability of proffered expert testimony, this court must assure itself that Colgate has demonstrated by a preponderance of the evidence that Irving's "testimony is based on sufficient facts or data," his "testimony is the product of reliable principles and methods," and that he has "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Here, Colgate has failed to meet this burden with respect to Irving's proffered testimony regarding whether the information disclosed in the PCT application constitutes a trade secret and, therefore, his testimony on this subject matter should be excluded.

Nowhere does Irving describe the methodology he employed to reach his perfunctory

2

conclusion that Professor Rinehart was wrong to assume, as she was asked to do, that information disclosed by Colgate in the published PCT application qualified as trade secrets. Irving does not cite to any definition of "trade secret"—whether statutory or common law—that he used to assess whether any of the information contained in the published PCT application constituted a trade secret. In the absence of any baseline measuring stick for determining what qualifies as a trade secret, Irving's methodology (if any was employed at all) is not capable of being tested. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149-150 (1999) (identifying the question of whether an expert's theory or technique can be and has been tested as one of the factors a judge may consider in determining the reliability of expert testimony). Nor is there any way to determine whether Irving's methodology has been subjected to peer review and publication, whether there is a high known or potential rate of error, whether there are standards controlling the technique's operation, and whether the theory enjoys general acceptance within the relevant technical community in the absence of any explanation of what Irving used as his measuring stick for determining whether information contained in the published PCT application constituted a trade secret. *Id.* (identifying these considerations as additional factors that a judge might consider in fulfilling his gatekeeping function with respect to the reliability of proffered expert testimony). Without a description of the measuring stick Irving used to perform his analysis, the court also has no way to determine whether Irving reliably applied whatever methodology (if any) he employed to the facts of this case. In short, there is nothing in Irving's report to indicate that his opinion is the product of reliable principles and methods reliably applied to the facts of the case, as is necessary for admissibility under Rule 702.

      Nor does Irving's report demonstrate that his opinion on plaintiffs' trade secrets is based

on sufficient facts or data as required by Rule 702(b). Although Irving claims that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ he only cites to *one* finite aspect of *one* of the 45 trade secrets listed in the assumed facts section of Professor Rinehart's report to support his broad criticism of plaintiffs' contention that *all* of these trade secrets qualified as trade secrets before Colgate exposed them to the world. (Ex. 4, p. 56-57.) Irving provides no facts or data to support his disagreement with Professor Rinehart's assumption as to any of the other 44 trade secrets or as to the remaining portions of the one trade secret he does address.

Accordingly, Colgate has failed to carry its burden of establishing by a preponderance of the evidence that Irving's proffered opinions and testimony on plaintiffs' trade secrets is based on sufficient facts or data, is the product of reliable principles and methods, and that Irving has reliably applied the principles and methods to the facts of this case. This court should therefore exclude Irving from offering any opinions or testimony regarding the issue of whether any of the trade secrets at issue in this case are, in fact, trade secrets, including those opinions expressed at pages 56-59 in section "H" of his expert report.

  **C.** **This court should exclude Irving's opinions and testimony regarding plaintiffs' trade secrets because they will not help the trier of fact to understand the evidence or to determine a fact in issue.**

Rule 702 requires that, to be admissible, expert testimony or evidence must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (internal quotation marks and citation omitted). This consideration is often referred to

4

as one of "fit." *Id.* The validity of an expert opinion for one purpose does not necessarily mean the opinion is valid "for other, unrelated purposes." *Id.*

Here, although Irving expresses ███████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████ (Ex. 4, p. 56 n.75.) Similarly, during his deposition Irving testified: ███████████████████
█████████████ (Ex. 5 at 218:4-5.) Irving's disclaimer that ████████████████████
████████████████████████████████████████████████████████████████
█████████████ begs the question: How will his discussion at pages 56-59 of his expert report concerning his disagreement with Professor Rinehart's assumption that the information disclosed by Colgate in the published PCT application *does* qualify as trade secret help the jury understand the evidence or determine a fact in issue? The simple answer to that question is that his opinions on this subject matter will *not* assist the jury. This court will instruct the jury on the applicable law, and the jury will make the ultimate legal determination of whether the information plaintiffs assert constitute trade secrets actually qualify under the law as trade secrets. By admitting ███
█████████████████████████████ Irving has essentially acknowledged that the entire discussion included in section "H" on pages 56-59 of his report is merely a superfluous aside and not actual expert testimony that will assist the trier of fact to understand the evidence or to determine a fact in issue. Accordingly, his proffered opinions expressed in this section of his report should be excluded.

### III. CONCLUSION

For the foregoing reasons, plaintiffs jointly request this court preclude Colgate from offering any opinions or testimony from Irving regarding plaintiffs' trade secrets, including those opinions set forth in section "H" of his expert report on pages 56-59 of that report.

DATED this 23rd day of November 2015.

SMITH LC

/s/ Stephen C. Biggs
Richard R. Thomas
Steven C. Smith
Douglas M. Campbell
Mark T. Kearney
Stephen C. Biggs
4505 East Chandler Boulevard, Suite 290
Phoenix, Arizona 85048
*Attorneys for Plaintiff-Intervenor N8 Pharmaceuticals, Inc.*


PARR BROWN GEE & LOVELESS

/s/ Chad S. Pehrson (with permission)
Robert S. Clark
Gregory M. Hess
Chad S. Pehrson
Sara M. Nielsen
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
*Attorneys for Plaintiff-Intervenor Brigham Young University*


DOBROWSKI, LARKIN & JOHNSON L.L.P.

/s/ Fredrick T. Johnson (with permission)
Paul J. Dobrowski
Frederick T. Johnson
Cody Stafford
4601 Washington Avenue, Suite 300

6

        Houston, TX 77007
*Attorneys for Plaintiff N8 Medical, Inc., and N8 Medical, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFFS' JOINT MOTION TO EXCLUDE CERTAIN OF THE PROFERRED EXPERT OPINIONS AND TESTIMONY OF THOMAS L. IRVING was filed with the Court on this 23rd day of November 2015 and served via ECF on all parties who have requested notice:

| | |
|---|---|
| Brent O. Hatch, Esq.<br>Mark F. James, Esq.<br>HATCH. JAMES & DODGE PC<br>10 West Broadway, Suite 400<br>Salt Lake City, UT 84101<br>*Attorneys for Plaintiff N8 Medical, Inc.* | Paul J. Dobrowski, Esq.<br>Frederick T. Johnson, Esq.<br>Cody Stafford, Esq.<br>DOBROWSKI, LARKIN & JOHNSON L.L.P<br>4601 Washington Avenue, Suite 300<br>Houston, TX 77007<br>*Attorneys for Plaintiff N8 Medical, Inc.* |
| David L. Mortensen, Esq.<br>Jill M. Pohlman, Esq.<br>Kenneth B. Black, Esq.<br>STOEL RIVES<br>201 South Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>*Attorneys for Defendant Colgate-Palmolive Company* | Robert S. Clark, Esq.<br>Gregory M. Hess, Esq.<br>Chad S. Pehrson, Esq.<br>Sara M. Nielsen, Esq.<br>PARR BROWN GEE & LOVELESS<br>101 South 200 East, Suite 700<br>Salt Lake City, Utah 84111<br>*Attorneys for Intervenor Brigham Young University* |
| Edward C. Duckers, Esq.<br>STOEL RIVES LLP<br>Three Embarcadero Center, Suite 1120<br>San Francisco, CA 94111<br>*Attorneys for Defendant Colgate-Palmolive Company* | |

/s/ Stephen C. Biggs

8