FILED
2017 MAR 8 AM 11:15
CLERK
U.S. DISTRICT COURT

Kenneth B. Black (#5588)
   Email: *kbblack@stoel.com*
David J. Jordan (#1751)
   Email: *djjordan@stoel.com*
David L. Mortensen (#8242)
   Email: *dlmortensen@stoel.com*
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131
Facsimile: (801) 578-6999

Attorneys for Defendant
Colgate-Palmolive Company

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| N8 MEDICAL, INC. and N8 MEDICAL, LLC, <br><br> Plaintiffs, <br><br> and <br><br> BRIGHAM YOUNG UNIVERSITY and N8 PHARMACEUTICALS, INC., <br><br> Plaintiffs-Intervenors, <br><br> v. <br><br> COLGATE-PALMOLIVE COMPANY, <br><br> Defendant. | **ORDER GRANTING DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION FOR SUMMARY JUDGMENT RE: CLAIMS OF N8 PHARMACEUTICALS, INC. [Dkt. 413]** <br><br> 2:13-cv-01017-BSJ <br><br> The Honorable Bruce S. Jenkins |

On February 25, 2016, on June 9 and 16, 2016, and on July 14, 2016, the Court heard

argument on Colgate Palmolive-Company's ("Colgate") Motion for Summary Judgment re

Claims of N8 Pharmaceuticals, Inc. ("N8 Pharma") [Dkt. 413] (the "Motion"). Having

considered the Motion, the memoranda of the parties support and in opposition, the contracts,

exhibits, and other relevant papers, and the arguments of counsel, the Court hereby determines and orders as follows:

A.    *Undisputed Facts*:  Based on the parties' memoranda, certain documents and exhibits attached thereto, and the arguments of counsel, the Court has determined that the following are undisputed facts:

1.    Prior to December 21, 2011, Colgate prepared an international patent application (the "PCT Application"), and thereafter filed the PCT Application on or about December 21, 2011.[1]

2.    On or about August 3, 2012, plaintiff Brigham Young University ("BYU") and N8 Pharma first entered into an Exclusive License Agreement (the "N8 Pharma License").[2] Pursuant to the N8 Pharma License, and as more fully set forth therein, BYU granted N8 Pharma, among other things, a license to certain intellectual property, in particular fields of use, related to a group of chemical compounds referred to as "ceragenins."[3]

3.    Prior to August 3, 2012, N8 Pharma did not have a license with BYU and did not have any license rights to ceragenins.[4]

---

[1] *See* Motion at 10 (citing Rule 30(b)(6) Dep. of Nikhil Heble (05/15/15) ("Heble 30(b)(6) Dep."), Ex. 10 at 42 and the PCT Application, Ex. 11); *see also* Opposition of N8 Pharmaceuticals, Inc. to Colgate-Palmolive's Motion for Summary Judgment Regarding Claims of N8 Pharmaceuticals, Inc. ("N8 Pharma's Opposition") at xxiv (stating that "[o]n or about December 21, 2011, Colgate filed the PCT application").

[2] *See* Motion at 11 (citing the Exclusive License Agreement Between BYU and N8 Pharma, Ex. 14); *see also* N8 Pharma's Opposition at xvii, xx (stating that on August 3, 2012, BYU "granted separate exclusive CSA license rights to N8 Medical and Pharma").

[3] *See* Motion at 11 (citing the Exclusive License Agreement Between BYU and N8 Pharma, Ex. 14); *see also* N8 Pharma's Opposition at xx (describing N8 Pharma's license rights).

[4] *See* Motion at 11 (citing the Rule 30(b)(6) Dep. of Chad S. Beus (05/08/15) ("Beus 30(b)(6) Dep."), Ex. 15 at 18:15-18); *see also* N8 Pharma's Opposition at xii, xx-xxiii.

4.      The PCT Application was published on or about July 25, 2013.[5]

5.      N8 Pharma has asserted two claims against Colgate for (a) misappropriation of trade secrets and (b) unfair competition.[6]

*B.      Conclusions of Law:*  Based on the foregoing undisputed facts, and based on the Motion, the parties' memoranda, and the arguments of counsel, the Court enters the following Conclusions of Law:

1.      N8 Pharma has claimed that Colgate's misappropriation of trade secrets and unfair competition began no later than December 21, 2011, when Colgate filed the PCT Application.  For example,

        a.      In its Complaint in this action, N8 Pharma alleged that "[i]n preparing and filing the PCT application, Colgate acted maliciously, in violation of the MCDA and MTA #1, knowing that it was misusing, misappropriating, and damaging BYU's ceragenin IP."[7]

        b.      In its response to written interrogatories propounded by Colgate, N8 Pharma stated that "Colgate misappropriated, improperly used, and improperly disclosed the trade secrets and confidential information . . . when Colgate filed the PCT Application."[8]

        c.      During the hearing before this Court on July 14, 2016, and in response to

---

[5] *See* N8 Pharma's Opposition at xxiii ("The PCT published July 25, 2013.").

[6] *See generally* Plaintiff-Intervenors N8 Pharmaceuticals, Inc.'s Complaint.

[7] *See id.* at ¶ 16.

[8] *See* Plaintiff N8 Pharmaceuticals, Inc.'s Third Supplemental Answers and Objections to Colgate-Palmolive Company's First Set of Interrogatories to N8 Pharmaceuticals, Inc., dated Oct. 20, 2015, at 23.

the Court's questioning, counsel for N8 Pharma indicated that the preparation and filing of the PCT Application constituted a "technical misappropriation" of alleged trade secrets.

2.      Thus, according to N8 Pharma, and in this Court's view, Colgate's alleged misappropriation of trade secrets and alleged unfair competition began, if at all, when the PCT Application was filed on or about December 21, 2011.

3.      It is undisputed, however, that N8 Pharma did not have a license from BYU or any license rights or other interest in ceragenins on December 21, 2011, when Colgate filed the PCT Application. Rather, N8 Pharma first obtained a license and an interest in ceragenins when it entered into the N8 Pharma License with BYU on or about August 3, 2012. Thus, N8 Pharma had no license or other interest in ceragenins at the time of the alleged misappropriation and unfair competition and does not have the right to assert claims against Colgate for misappropriation of trade secrets and unfair competition. *See e.g.*, *Macquarie Bank Ltd. v. Knickel*, 793 F.3d 926, 936-37 (8th Cir. 2015) (granting summary judgment where the plaintiff had no interest in the alleged trade secrets when the alleged misappropriation occurred).

4.      N8 Pharma contends that it has the right to assert claims against Colgate because it had a license from BYU and an interest in ceragenins when the PCT Application was published on July 25, 2013. However, contrary to N8 Pharma's suggestion, publication of the PCT Application was, if anything at all, part of an alleged continuing misappropriation and did not create for N8 Pharma a separate misappropriation or separate cause of action. *See e.g.*, *BP Chemicals Ltd v. Jiangsu Sopo Corp.*, 429 F.Supp.2d 1179, 1190 (E.D. Miss. 2006).

5.      N8 Pharma also argues that no claim accrued until N8 Pharma discovered the

PCT Application, following its publication on July 25, 2013. For support, N8 Pharma relies on *Gognat v. Ellsworth*, 259 P.3d 497, 501 (Colo. 2011) and *McLeod v. Nw. Alloys, Inc.*, 969 P.2d 1066, 1070-71 (Wash. Ct. App. 1998). Neither case stands for the proposition asserted. Rather, both are statute of limitations cases. They stand only for the proposition that the time provided by a statute of limitations does not begin to run until a plaintiff learns of the alleged misappropriation. That does not mean, however, that the claim did not arise at the time of the alleged misappropriation or that N8 Pharma may assert a claim for an alleged misappropriation that began or occurred before N8 Pharma had an interest in ceragenins and/or the alleged trade secrets.

6.     N8 Pharma contends, as well, that BYU granted it a right to pursue claims against Colgate when BYU and N8 Pharma entered into the N8 Pharma License. As set forth above, Colgate's alleged misappropriation began, if at all, prior to the commencement of the N8 Pharma License. As a matter of law, BYU was not entitled to assign or convey on a prejudgment basis to N8 Pharma (by way of the N8 Pharma License or otherwise) any purported right to assert a tort claim against Colgate. The law does not countenance prejudgment assignment of tort claims. *See O'Dowd v. Trueger*, 233 F.3d 197, 200 n.4 (3d Cir. 2000); *Cherilus v. Fed. Express*, 87 A.3d 269, 273 (N.J. Super. Ct. App. Div. 2014); *see also Gilbert v. DHC Dev., LLC*, Civil No. 2:08-CV-258 BSJ, 2013 WL 4881492, at *10-11 (D. Utah Sept. 12, 2013).

For the reasons set forth herein, and as further explained by the Court during the July 14, 2016 hearing, Colgate's Motion is hereby GRANTED and N8 Pharma's claims against Colgate for misappropriation of trade secrets and unfair competition are hereby dismissed with

prejudice.[9]

IT IS SO ORDERED.

DATED this __8__ day of ~~February~~, 2017.

BY THE COURT:

THE HONORABLE BRUCE S. JENKINS
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

_____

Steven C. Smith
Richard R. Thomas
SMITH LC

Michael A. Schern
SCHERN RICHARDSON FINTER DECKER, PLC

Attorneys for Plaintiff-Intervenor
N8 Pharmaceuticals, Inc.

---

[9] In entering this Order, the Court is not rendering any opinion regarding any claims or potential claims N8 Pharma has or may have against any person, party, or entity other than Colgate.